IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VERNON STEED | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| FRANK TENNIS, et. al. | : | NO. 05- 00144 |

**REPORT AND RECOMMENDATION**

**JACOB P. HART**
**UNITED STATES MAGISTRATE JUDGE**       May      26   , 2005

      This is a counseled petition for the writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by an individual currently incarcerated at the State Correctional Institution at Bella Fonte, Pennsylvania. For the reasons that follow, I recommend that the petition be denied.

**FACTS AND PROCEDURAL HISTORY:**

      On February 23, 1988, a jury, sitting before the Honorable Eugene Clarke, convicted Steed of first-degree murder, criminal conspiracy, and possessing an instrument of crime. Judge Clarke sentenced Steed to life imprisonment with a concurrent five (5) year term of probation.

      The judgment was affirmed by the Superior Court on September 13, 1989. Commonwealth v. Steed, 569 A.2d 1386 (Pa. Super. 1989). The Supreme Court denied allocatur on March 20, 1990.

      On December 26, 1996, the petitioner filed a pro se petition pursuant to the Post Conviction Relief Act (PCRA). 42 Pa.C.S.A. §§ 9541-9551. However, it was dismissed without a hearing on April 30, 2001. Commonwealth v. Steed, PCRA Opinion, Dembre, J. dated 4/30/01. Although an appeal was taken, the required brief was not filed. As a result, the appeal was dismissed on December 6, 2001. Commonwealth v. Steed, No. 1650 EDA 2001.

      On November 26, 2002, a second PCRA petition was filed, alleging that counsel was

ineffective for failing to file a timely brief in the first PCRA appeal.  However, this petition was dismissed as untimely. The petitioner appealed, and the Superior Court affirmed. Commonwealth v. Steed, No. 1784 EDA 2003.  Allocatur was denied on August 6, 2004.

**DISCUSSION:**

Under the Antiterrorism and Effective Death Penalty Act of 1996, ("AEDPA"), Congress enacted a one-year statute of limitations period for federal habeas corpus petitions.  This one-year period begins when there is a final judgment made in the state court; however, this limitation period may be tolled pending the completion of a properly filed PCRA petition.  28 U.S.C. § 2244(d)(1)(A) and (d)(2).  In the instant case, the petitioner's conviction became final on, June 18, 1990, when the time for filing a certiorari petition expired.  Clay v. United States, 537 U.S. 522 (2003).  Under AEDPA, petitioner would have had until June 18, 1991, to file this petition.  However, in Burns v. Morton, the Third Circuit held that the one-year limitations period could not be applied retroactively; thus for all federal habeas petitions that would have been time-barred on the date AEDPA was enacted, petitioners are given a fresh one-year limitations period, commencing on April 24, 1996.  Burns, at 110. Therefore, when Steed filed his first PCRA petition on December 26, 1996, eight (8) months of his one-year had elapsed.  The habeas limitations period was tolled during the pendency of that PCRA petition and the timely filed appeals.  28 U.S.C. § 2244(d)(1)(A) and (d)(2).  The four months remaining in the habeas limitations period again began to run on January 5, 2002, when the time to seek discretionary review in the state Supreme Court expired.  Therefore, Steed's limitations period expired in May, 2002, more than two and one-half years before the present petition was filed on January 12, 2005.  It is, therefore, untimely absent a basis for equitable tolling.[1]

---

[1] The petitioner did file a second collateral petition on November 26, 2002, which was dismissed as untimely.  Commonwealth v. Steed, PCRA opinion, Dembre, J. (filed 7/8/03).

Equitable tolling is appropriate when "the petitioner has in some extraordinary way…been prevented from asserting his or her rights." Miller v. New Jersey State Department of Corrections, 145 F.3d 616, 618 (3rd Cir. 1998). However, equitable tolling can be invoked "only sparingly," see United States v. Midgley, 142 F.3d 174, 179 (3rd Cir. 1998), and only when the petitioner establishes that he exercised "reasonable diligence" in investigating and bringing the claims. Miller v. New jersey State Department of Corrections, 145 F.3d 616, 618-619 (3rd Cir. 1998) (citing New Castle County v. Haliburton NUS Corp., 111 F.3d 1116, 1126 (3d Cir. 1997)).

Section 2244's limitations period may be subject to equitable tolling only in four circumstances: (1) if the defendant has actively misled the plaintiff; (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights; (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum; or (4) if the claimant received inadequate notice of his right to file suit, a motion for appointment of counsel is pending, or where the court has misled the plaintiff into believing that he had done everything required of him. Jones v. Morton, 195 F.3d 153, 159 (3rd Cir. 1999). In this case, Steed has not asserted, nor has he established that his case is deserving of equitable tolling.

---

However, this petition did not toll the one-year statute of limitations period for two reasons. First, since Steed only had four (4) months after January 5, 2002, to file a timely habeas corpus petition, the federal habeas limitations period had already expired prior to his filing the second PCRA petition. Secondly, the state court held that Steed's second PCRA petition was untimely. Commonwealth v. Steed, PCRA opinion, Dembre, J. (filed 7/8/03). An untimely filed petition for post-conviction relief does not toll the federal habeas limitation period. Pace v. DiGuglielmo, _ U.S. _, 2005 WL 957194 *6 (Apr. 27, 2005). Therefore, tolling of the one-year statute of limitations is not applicable; the one-year limitation has expired, and so, the January 12, 2005 habeas corpus petition is not entitled to review.

Therefore, I make the following:

## **R E C O M M E N D A T I O N**

AND NOW, this 26th day of May, 2005, IT IS RESPECTFULLY RECOMMENDED that the petition for writ of habeas corpus be DISMISSED AS UNTIMELY. There has been no substantial showing of the denial of a constitutional right requiring the issuance of a certificate of appealability.

_____
JACOB P. HART
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VERNON STEED | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| FRANK TENNIS, et. al. | : | NO. 05- 00144 |

**O R D E R**

BRUCE W. KAUFFMAN, J.,

    AND NOW, this            day of                    , 2005, upon careful and independent consideration of the petition for writ of habeas corpus, and after review of the Report and Recommendation of United States Magistrate Judge Jacob P. Hart, IT IS ORDERED that:

    1. The Report and Recommendation is APPROVED and ADOPTED.

    2. The petition for a writ of habeas corpus is DISMISSED AS UNTIMELY.

    3. There is <u>no</u> basis for the issuance of a certificate of appealability.

                      BY THE COURT:

                       _____

                       BRUCE W. KAUFFMAN, J.